In the Matter of John P. WATT d/b/a C & J Sales of Erie, Debtor.

John P. WATT d/b/a C & J Sales of Erie, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant.

Bankruptcy No. 81–00219.
Adv. No. 81–0319.

United States Bankruptcy Court,
W. D. Pennsylvania.

Sept. 18, 1981.

Warren W. Bentz, Bentz & Chestek and Clinton A. Shamp, Shamp, Levin, Arduini, Jenks & Hain, Erie, Pa., for plaintiff.

C. Robert Keenan, III, Samuel P. Gerace, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., and James K. McNamara, Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for defendant.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The defendant, State Farm Fire and Casualty Company has filed a motion to dismiss the complaint of the plaintiff-debtor in the within Chapter 11 case for recovery of fire loss and other damages under the defendant's insurance policy as the result of a fire in which the plaintiff's business building at 3330 Peach Street, Erie, Pennsylvania and the contents of said building were destroyed on the grounds that the Court lacks jurisdiction to hear the proceeding, that the plaintiff failed to join necessary parties consisting of the mortgagee of the premises with a loss payable clause under the insurance policy declared upon and a secured creditor having a lien on certain of the contents, and that the matter involves special expertise in the law of Pennsylvania more properly triable in the state courts of Pennsylvania than in the Bankruptcy Court.

■ The Court refused to dismiss the proceeding on either of the first two grounds at the hearing and oral argument on the motion on the ground that it has jurisdiction of the proceeding under 28 U.S.C. 1471(b) and (c) which provide that the jurisdiction conferred upon United States District Courts by subsection (b) over matters arising in or related to cases under U.S.C. Title 11 shall be exercised by the Bankruptcy Court for the district in which a case under Title 11 is commenced as provided in subsection (c) and that failure to join necessary parties is not a ground for dismissing a proceeding under F.R.C.P. 21 which provides that misjoinder of parties is not a ground for dismissal of an action and that additional parties may be added by Order of Court on motion of any party or on its own initiative at any stage of the action.

■ We agree with the analysis of the plaintiff that the issues raised by the pleadings are whether the fire causing the damage is the result of arson committed by or at the direction of the plaintiff, and the amount of damage caused thereby; that the Bankruptcy Court is as well qualified as any other Court to determine the issues relating to the cause of the fire, and has special expertise in respect to determining the amount of the damages because of its constant experience in dealing with appraisals and other matters of evaluation. We further agree with the statement that a substantial portion of the damages at issue will probably be susceptible of resolution on a motion for judgment after joinder of the National Bank of North East, mortgagee, as a party plaintiff in pursuance of its loss payable clause attached to the policy of insurance, and that any surplus damages can be determined in a jury trial which the Bankruptcy Court is authorized to conduct under 28 U.S.C. § 1480 if it appears the defendant is entitled thereto when the issues are joined or otherwise in a non-jury proceeding.

IT IS ORDERED, ADJUDGED and DE-CREED, this 18th day of September, 1981, for the foregoing reasons that the defendant's motion to dismiss the within proceeding be, and the same hereby is dismissed, and that the plaintiff shall file an appropriate motion to join the National Bank of North East, mortgagee, and such other secured or lien creditors as may have an interest in the proceeding as parties thereto within thirty (30) days.